OSCAR PORTOCARRERO, *Apellant, v.* REGISTRAR OF SAN JUAN, Respondent.

No. 616. Submitted April 28, 1925.—Decided May 26, 1925.

1. RECORD OF TITLE—SEGREGATIONS—ERROR IN CALCULATION:—The registry showing that the 3.45 acres of the main property had disappeared .into segregations made to third persons, a deed wherein two parcels are segregated under the pretext of an error in the reduction of the area in acres to the metric system should not be recorded.

2. ID.—ID.—ID.—The area of a property as recorded in the registry can not be increased by means of an explanatory deed wherein it is stated only that a survey showed that the property had a greater area, without specifying the surplusage, until the lawful acquisition of the difference is shown, or unless it is of little importance in proportion to the total area, or it is shown that in the first survey the error was involuntary.

Registry of Property of San Juan, Tirado Verrier, R. Decision refusing to record a deed of purchase and sale. *Affirmed.*

*Pedro Amado Rivera* for the appellant. The Registrar appeared by brief.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This is an appeal from a decision of the registrar refusing to record a deed for the purchase and sale of two parcels of land segregated from another property of greater area. The deed was accompanied by an explanatory deed. The registrar based his refusal on the following grounds:

"That the area of 3.45 acres of the original property has disappeared by virtue of segregations which appear from the registry, and as the equivalent in the metric system is misstated, there is no reason for deducting the segregations from such equivalent, as proposed in the explanatory deed, instead of from the area in acres by which the registry is guided.

"That the survey said to have been made of the main property has not been proved, and that the owners of the parcels sold have not participated in the declaration of such increase in area."

From the main property there had been segregated other parcels conveyed to different owners and in the explanatory deed it is stated that according to the marginal notes in the registry the area had disappeared if the acreage be consid-

ered, but not if the equivalent in the metric system which appears from the deed and record be taken as a basis.

There is no question that there is an error in the reduction of acres to the metric system.

The question, therefore, is which of the two systems should prevail or which of them should be taken as correct.

[1] The fact that the grantor had already made segregations from the original property to several persons is one of importance which served as a basis for the registrar's decision, and that decision was rather a matter of discretion, inasmuch as his essential duty is to protect third persons, and we must presume, as did the registrar, that the measurement in acres is correct, until the contrary is shown in an authentic or convincing manner. ·

[2] The appellant insists, however, and it appears from the explanatory deed, that a survey of the main property according to the metes and bounds as they appear from the registry showed a greater area. However, the surplusage is not specified.

We do not see that this can favor the appellant, even assuming that it is now sought to sell the surplusage.

The general rule is that when there is a difference between the area of a property as it appears from the registry and as stated in the deed, such difference, if an excess, can not be recorded until lawful acquisition thereof is shown in accordance with article 20 of the Mortgage Law and other statutes. The exceptions to the rule are when the excess is of little importance in proportion to the area of the whole property and when the registrar is satisfied by proof that in the first survey a merely involuntary mistake was made. Decisions of March 14, 1876, 1 *D.R.* 262; November 9, 1878, 1 *D.R.* 469; September 7, 1880, 2 *D.R.* 465; November 22, 1893, 5 *D.R.* 413, and October 27, 1894, 5 *D.R.* 583. Odriozola, *Diccionario de. Jurisprudencia Hipotecaria,* 4th ed., pages 773, 774, 775 and 776.

For these reasons the decision appealed from must be affirmed.